FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2006 MAY -8  PM 3: 16

RALPH L. DELOACH
CLERK
BY_____ DEPUTY
AT KANSAS CITY, KS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

IN RE SPRINT CORPORATION )
ERISA LITIGATION )
)
)   CIVIL ACTION NO.:
)
)   03-CV-2202-JWL
)
)
)
)
)
THIS DOCUMENT RELATES TO: )
)
ALL ACTIONS RE PROPOSED )
CLASS ACTION SETTLEMENT )
)

## STATEMENT OF POSITION AND OBJECTION TO CLASS ACTION SETTLEMENT

In accordance with the Notice Of Class Action Settlement, the undersigned respectfully submit this statement of position and objection to class action settlement on behalf of the individuals and organizations hereafter designated, regarding the proposed settlement in the above encaptioned matter.

1. The individual participants in this joint statement of position and opposition are:

   A. Edward C. McCulloch, present Sprint employee, class member and plan participant, CRS Plan BUE, June 2, 1998 to the present. Address: 1096 Greymouth St., Las Vegas, Nevada 89117. Telephone 702-459-6667

   B. Robert Herrera, present Sprint employee, class member and plan participant, CRS Plan BUE, June 2, 1998 to the present. Address: 10354 Ness Wood Lane, Las Vegas, Nevada 89135. Telephone: 702-457-3011

1

C. James W. Jarbo, present Sprint employee, class member and plan participant, SRS Plan BUE, June 2, 1998 to the present. Address: 8404 Laurel Lakes Blvd., Naples, FL 34119 Telephone: 239-334-4171

D. Janis L. Fisher, Sprint employee since 1998, class member and plan participant, SRS Plan BUE Address: 1220-5 S.E. 40th Street, Cape Coral, FL 33904-7959. Telephone: 239-334-4171

2. The following locals of the International Brotherhood of Electrical Workers, AFL-CIO, each of which is a labor organization which, at all times material hereto, is and has been the duly empowered collective bargaining agent of those employees participating in the SRS Plan BUE and/or those employees participating in the CRS Plan BUE:

    A. Local Union 396
    B. Local Union 199
    C. Local Union 2
    D. Local Union 20
    E. Local Union 392
    F. Local Union 688
    G. Local Union 723
    H. Local Union 827
    I. Local Union 843
    J. Local Union 1181
    K. Local Union 1496
    L. Local Union 1649
    M. Local Union 1912
    N. Local Union 1996
    O. Local Union 1537

The aforesaid labor organizations are presently parties to individual collective bargaining agreements with Sprint which contain contract language pertaining to the SRS Plan BUE and/or the CRS Plan BUE. Furthermore, they are a portion of the "unions" referred to in Section 7.3.6 of the Proposed Class Action Settlement Agreement. The addresses of each local are set forth in Exhibit A hereto. They may be reached telephonically through their

spokesman, Francis J. Morton, Esq., at 702-860-3160.

3. All participants in this opposition and statement of position are directly interested in and affected by the proposed settlement agreement.

4. The participants in this objection and joint statement object for the following reasons:

    A. The proposed settlement is unfair in that participants are expressly excluded from receiving the benefit of the minimum <u>increased match</u> being made available to non-bargaining unit employees under **Article 7.2.1** of the proposed settlement. A fair settlement would contain language assuring that bargaining unit employees are included under 7.2.1, or under a similar provision guaranteeing that bargaining unit employees would receive an increased investment match no less favorable than that afforded to non-bargaining unit employees.

    B. The proposed settlement is unfair in that <u>plan amendments</u> **(Article 7.3.1-7.3.8)** are being agreed to as part of the settlement for non-bargaining unit employees, but not for bargaining unit employees. Regarding bargaining unit employees, Sprint is only obligated to exercise its best efforts to secure an agreement to implement "similar" plan amendments. Sprint's obligation is illusory. It hinges on securing the approval of the "New Local Company" and places Sprint in the position of being able to negate any potential benefit to the bargaining unit employees by assuring that the "New Local Company" does not agree. A fair settlement would contain language requiring that the sections of Article 7.3 regarding plan amendments, as agreed to for non-bargaining unit employees, be offered to the respective unions forthwith, for immediate acceptance or rejection on a section by section basis. Such a settlement would require immediate

3

implementation regarding the sections accepted, and best efforts, good faith negotiations with the unions regarding those sections not accepted.

Alternatively, the plan amendments, as approved for non-bargaining unit employees, should be made immediately available to bargaining unit employees as follows:

    7.3.1  To all bargaining unit employees.
    7.3.2  To all bargaining unit employees whose limits are presently less than those 80% of eligible compensation.
    7.3.3  To all bargaining unit employees.
    7.3.4  To all bargaining unit employees.
    7.3.5  To all bargaining unit employees.

C. The proposed settlement is unfair in that **Article 7.3.8** allows the company to change or withdraw all plan amendments January 1, 2007. Thus, notwithstanding that it has not even begun to exercise its best efforts to implement plan amendments favorable to the bargaining unit employees, the time period is already moving toward expiration. A fair settlement would contain language assuring that no changes or withdrawals can be made for at least one year from the date amended plan language is actually agreed to and implemented, or as otherwise designated in any pertinent collective bargaining agreement, whichever is greater.

D. The proposed settlement is unfair in that it does not clearly indicate that bargaining unit employees are entitled to a portion of the cash settlement distribution covered in **Article 7.1.1**[1].

4

---

[1] The language of Para. A, page 4 of the Notice of Class Action Settlement adds to the uncertainty where it states that it is only "anticipated" that BUE employees will be included in the distribution.

E. The proposed settlement is unfair in that the language of **Article 7.4.1** purports to be limited to "participants." A fair settlement would contain language requiring the company to make the expanded resources available to participants and to those eligible to participate (but who may not yet be participating).

F. Consideration of the proposed settlement should be deferred and the proposed settlement should be re-noticed with the language of the **Notice of Class Action Settlement** reworded to clarify Paragraph #5, Page 9. Bargaining unit members of the affected class have expressed confusion in calls made to the various unions regarding their entitlements, believing that Paragraph #5 is informing them that they will receive benefits under the increased match and plan amendment portions of the class action settlement, notwithstanding that the pertinent settlement provisions (Article 7.2.1 and 7.3.1-7.36) do not guarantee them any benefit as now written. The wording of Paragraph misleads bargaining unit employees to believe that they will receive the "increased match," although the express language of the settlement proposal excludes them.

G. The proposed settlement is unfair in that it does not fairly and completely protect the interests of bargaining unit employees as set forth above.

H. The undersigned request this honorable court to retain jurisdiction to assure compliance with the terms and conditions of any settlement.

I. The individual participants and labor unions named herein designate Francis J. Morton, Esq., 702-457-3011 (O), 702-860-3160 (private cellular), C/O IBEW LOCAL 396, 3520 Boulder Highway, Las Vegas, Nevada 89120, as their spokesman with respect

5

to the matters set forth herein and authorize him to appear and speak on their behalf at the fairness hearing and in all matters pertaining hereto and the proposed settlement.

Respectfully submitted,

Janis Fisher                                                James Jarbo

_____                          _____
Date: _____                             Date: _____

Edward McCulloch                                    Robert Herrera

*Edward McCulloch*                                   *[signature]*

Date: 5-5-06                                       Date: 5-5-06

Local Union  396    *[signature]*          Date: 5-5-06
Local Union  199    _____        Date: _____
Local Union   2     _____        Date: _____
Local Union  20     _____        Date: _____
Local Union  392    _____        Date: _____
Local Union  688    _____        Date: _____
Local Union  723    _____        Date: _____
Local Union  827    _____        Date: _____
Local Union  843    *[signature]*          Date: 5-5-06
Local Union 1181    _____        Date: _____
Local Union 1496    _____        Date: _____

6

| | | |
|---|---|---|
| 1 | Local Union 1649  _[signature]_ | Date: 5-5-06 |
| 2 | Local Union 1912  _____ | Date: _____ |
| 3 | Local Union 1996  _____ | Date: _____ |
| 4 | Local Union 1537  _____ | Date: _____ |

## CERTIFICATE OF MAILING

The undersigned certifies that on the 5th day of May, 2006, he/she mailed a copy of this Statement of Position and Opposition To Proposed Class Action Settlement by first class United States mail, postage prepaid, to the following:

Robert A. Izard
William Bernarduci
Schatz & Nobel, PC
One Corporate Center
20 Church Street
Hartford, CT 06103

Edwin J. Mills
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017

Dennis J. Johnson
James F. Conway, III
Johnson & Perkinson
P.O. Box 2035
1690 Williston Road
South Burlington, VT 05403

Timothy M. O'Brien
Matthew C. Miller
Shook, Hardy & Bacon LLP
84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, KS 66210-1671

Charles W. German
Rouse, Hendricks, German, May PC
One Petticoat Lane Bldg.
1010 Walnut Street, Suite 400
Kansas City, MO 64106

Robert N. Eccles
Gary S. Tell
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, DC 20006-4001

Clerk of the United States District Court for the District of Kansas
500 State Avenue
Kansas City, Kansas

Dated: 5-5-06          _[signature]_

7