UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE SPRINT CORPORATION
ERISA LITIGATION

Civil Action No. 03-CV-2202-JWL

THIS DOCUMENT RELATES TO:
ALL ACTIONS

ORDER APPROVING FORM AND DISSEMINATION OF SUPPLEMENTAL CLASS NOTICE AND SETTING DATE FOR A SECOND HEARING ON FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

This case comes before the court on two related motions—Plaintiffs' Motion for an Order Approving Form and Dissemination of Supplemental Class Notice and Setting Date for a Second Hearing on Final Approval of Proposed Class Settlement (doc. #254) and the parties' Joint Motion to Approve Supplemental Notice of Class Action Settlement (doc. #256). The court hereby grants these motions in part and denies them in part in the sense that the court will grant the relief requested in these motions, but will order the dissemination of Supplemental Class Notice in substantially the form submitted in connection with the second of these two motions.

IT IS THEREFORE ORDERED BY THE COURT AS FOLLOWS:

**1. Second Fairness Hearing** – A Second Fairness Hearing will be held at 9:30 a.m. on July 26, 2006 (the "Second Fairness Hearing") to determine, among other things:

- Whether class members who did not previously receive notice have any objections to the proposed settlement, and whether such objections should be sustained;

1

- Whether class members who were provided with notice in advance of the May 15, 2006, hearing wish to assert any objections to the proposed settlement in light of the additional information contained in the supplemental notice of settlement approved herein, and whether any such objections should be sustained;

- Whether the settlement should be approved as fair, reasonable, and adequate;

- Whether the litigation should be dismissed with prejudice as to the Defendants pursuant to the terms of the settlement;

- Whether the form, content and manner of notice which has been provided in this case, including the supplemental notice approved herein: (i) constitutes the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Second Fairness Hearing; (iii) are reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Co-Lead Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

- Whether the Plan of Allocation relating to the Cash Settlement Fund, referred to in Section 8.3 of the Settlement Agreement, should be approved;

- Whether the Motion for Attorneys' Fees, Costs and Expenses filed by Co-Lead Counsel, on behalf of Appointed Counsel, should be approved, and

- Whether the Motion for Compensation for the Named Plaintiffs should be approved.

2. **Supplemental Class Notice** – Plaintiffs have presented to the Court a proposed form of Supplemental Class Notice, which is appended hereto as Exhibit 1. With respect to such form of Supplemental Class Notice, the Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement and of the settlement; (b) notifies the Settlement Class concerning the proposed Plan of Allocation and, as to each group in the Settlement Class, adequately sets forth the benefits each group, as a whole, will obtain by virtue of the settlement; (c) notifies the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Named Plaintiffs, for reimbursement of non-taxable costs of litigation, and for attorneys' fees, with the aggregate of all such attorneys' fees, costs, expenses and any awards to the Named Plaintiffs not to exceed $3.9 million in the aggregate (which awarded amounts shall be paid by the Company in accordance with Sections 8.4 and 10.2 of the Settlement Agreement); (d) gives notice to the Settlement Class of the time and place of the Second Fairness Hearing; and (e) describes how the recipients of the Supplemental Class Notice may object to any of the relief requested.

3. Plaintiffs have proposed the following manner of communicating notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances and directs that Co-Lead Counsel shall:

- By not later than June 26, 2006, cause the Supplemental Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each person within the Settlement Class who can be identified by reasonable effort.

>Co-Lead Counsel shall cause the Supplemental Class Notice to be mailed to all members of the Settlement Class, whether or not members of the Settlement Class received a copy of the written notice which was provided in advance of the May 15, 2006, fairness hearing. The names and addresses of members of the Settlement Class obtained by Co-Lead Counsel pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and for no other purpose.

- By not later than June 26, 2006, cause the Supplemental Class Notice to be published on each website identified in the Supplemental Class Notice.

At or before the Second Fairness Hearing, Co-Lead Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**4.    Objections to Settlement** – Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees, costs and expenses, or to any request for compensation for the Named Plaintiffs may file an objection. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Co-Lead Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and service on counsel are as follows:

Clerk of the Court
United States District Court for the District of Kansas
500 State Avenue
Kansas City, KS 66101
Re:  Civil Action No. 03-CV-2202-JWL

To Plaintiffs' Co-Lead Counsel:

Robert A. Izard
William Bernarduci
SCHATZ & NOBEL, PC
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone:  (860) 493-6292
Facsimile:   (860) 493-6290

Edwin J. Mills
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone:  (212) 687-7230
Facsimile:   (212) 490-2022

Dennis J. Johnson
JOHNSON & PERKINSON
P.O. Box 2305
1690 Williston Road
South Burlington, VT 05403
Telephone:  (802) 862-0030
Facsimile:   (802) 862-0060

To Defendants' Counsel:

Timothy M. O'Brien
Matthew C. Miller
SHOOK, HARDY & BACON, LLP
84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, KS 66210-1671
Telephone:  (913) 451-6060
Facsimile:   (913) 451-8879

        Charles W. German
        ROUSE HENDRICKS GERMAN MAY PC
        One Petticoat Lane Building
        1010 Walnut Street, Suite 400
        Kansas City, MO 64106

        Robert N. Eccles
        Gary S. Tell
        O'MELVENY & MYERS, LLP
        1625 Eye Street, NW
        Washington, DC 20006-4001

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by not later July 17, 2006. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a Notice of Appearance of counsel listed above and file it with the Court not later than July 17, 2006. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

    **5.**    **Appearance at the Second Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 4 above may also appear at the Second Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Second Fairness Hearing must effect service of a Notice of Intention to Appear setting forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Co-Lead Counsel and Defendants' counsel (at the address set out above) and file it with the Court not later than July 17, 2006. Any objector who does not

timely file and serve a Notice of Intention to Appear in accordance with this paragraph may not be permitted to address the Court at the Second Fairness Hearing, in the Court's discretion.

  **6.**  **Supplemental Briefing Deadline** – The proponents of the settlement shall file not later than July 21, 2006, any supplemental briefing that they wish to submit to the court with respect to the issues that will be considered at the Second Fairness Hearing.

  **7.**  **Notice Expenses** – The expenses of printing and mailing and publishing all notices required hereby, including the Supplemental Class Notice, shall be paid from the Settlement Fund as provided in Section 8.1 of the Settlement Agreement.

  **8.**  **Service of Papers** – Class Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

  **9.**  **Termination of Settlement** – This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section 9 of the Settlement Agreement shall govern the rights of the Parties.

  **10.**  **Use of Order** – This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the action is inappropriate, improper or unavailable, or as a waiver by any party of any arguments, defenses or claims he, she, or it may have, including, but not limited to, any objections by Defendants to the Class Certification in the event that the Settlement Agreement is terminated.

**11.** **Continuance of Hearing** – The Court reserves the right to continue the Second Fairness Hearing without further notice.

**IT IS SO ORDERED** this 14th day of June, 2006.

s/ John W. Lungstrum
**HON. JOHN W. LUNGSTRUM**
United States District Judge
